IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 8:08CR135 |
| vs. ) | |
| ) | **PRELIMINARY ORDER** |
| ROBERT MORRIS, ) | **OF FORFEITURE** |
| ) | |
| Defendant. ) | |

This matter is before the Court on the United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 73). The Court reviews the record in this case and, being duly advised in the premises, finds as follows:

1.  The Defendant has entered into a plea agreement, whereby he has agreed to plead guilty to Counts I (conspiracy), IV (felon in possession of a firearm and ammunition), V (forfeiture of firearm relating to Count IV) and VI (forfeiture of $1,171.00 relating to Count III) of the Second Superseding Indictment. Under the plea agreement, Count III of the Second Superseding Indictment is to be dismissed at sentencing. Count V of the Second Superseding Indictment seeks the forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of a Smith and Wesson 9mm pistol, serial no. VCH 5776, on the basis that it was involved or used in the knowing commission of the offense charged in Count IV.[1]  Count VI of the Indictment charges the Defendant with using $1,171.00 in United States currency to facilitate the commission charge alleged in Count III of the Superseding Indictment.[2]

---

[1] The motion for preliminary forfeiture misstates the allegation of Count V and assumes that Count V relates to the $1,171.00 that is the subject of Count VI.

[2] The motion for preliminary forfeiture misstates the allegation of Count VI and assumes that Count VI relates to the firearm that is the subject of Count V.

2.     By virtue of said plea of guilty, the Defendant forfeits his interest in the property described in Count V, and the United States is entitled to possession of said property, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

3.     However, 21 U.S.C. § 853(a) requires that the Defendant be "convicted" of the charge underlying a forfeiture count.  The Defendant did not plead guilty to Count III, to which Count VI relates.  Count III is to be dismissed at sentencing under the plea agreement.  Therefore, the Defendant does not forfeit the property described in Count VI.

IT IS ORDERED:

A     The United States' Motion for Issuance of Preliminary Order of Forfeiture (Filing No. 73) is granted in part and denied in part as follows:

1.     The motion is granted with respect to the property described in Count V;

2.     The motion is denied with respect to the property described in Count VI;

B.     Based upon Count V of the Second Superseding Indictment and the Defendant's plea of guilty, the United States is hereby authorized to seize the Smith and Wesson 9mm pistol, serial no. VCH 5776;

C.     The Defendant's interest in the property described in Count V of the Second Superseding Indictment is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

D.     The aforementioned forfeited property is to be held by the United States in its secure custody and control.

E.     Pursuant to 21 U.S.C. § 853(n)(1), the United States forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the

county where the subject property is situated, notice of this Order, Notice of Publication evidencing the United States' intent to dispose of the property described in Count V in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the subject forfeited property must file a Petition with the court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

F.    Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the property described in Count V, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject property and any additional facts supporting the Petitioner's claim and the relief sought.

G.    The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property subject to this Order as a substitute for published notice as to those persons so notified.

H.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests relating to Count V will be addressed.

DATED this 19th day of August, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge