IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR135** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ROBERT K. MORRIS,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 89, 90). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

***Defendant's Objections***

The Defendant argues that the Defendant's criminal history is overstated. This issue is more properly raised as a motion for downward departure. The objection to the criminal history category based on overstatement of criminal history is denied.

The Defendant argues that the increase of 2 criminal history points in ¶ 67 for committing the instant offense less than 2 years after being released from custody is incorrect. This objection is denied for the reasons stated in the Addendum to the PSR.

The Defendant objects to ¶ 76, stating that he was not available for an interview with the probation officer as he had been moved. The objection is denied, as it does not affect the sentencing guideline range and because telephone interviews can be conducted.

*Government's Objections*

The government objects to the inclusion of ¶¶ 25-29 in the PSR.  However, the objection is denied because as stated in the Addendum the information was not used against the Defendant and therefore does not affect the guideline calculation.

The Court did not accept the Defendant's plea to Count VI government because it cannot do so absent a conviction of Count III.  The government, therefore, suggests that the Court impose a fine in the amount of the seized cash, $1,171.00 since the Defendant has no debts.  This matter will be discussed at sentencing.  The discussion will relate to the factors that the Court must take into account in imposing a fine, 18 U.S.C. § 3572(a), and the applicable guideline, U.S.S.G. § 5E1.2.  The government should consider administrative forfeiture as another alternative.

IT IS ORDERED:

1. The Defendant's Objections to the Presentence Investigation Report (Filing No. 89) are denied;

2. The government's Objections to the Presentence Investigation Report (Filing No. 90) are denied;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

     5.    Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

     6.    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 14th day of October, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge